DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from an October 3, 2000 judgment entry of the Erie County Court of Common Pleas, Domestic Relations Division, in which the trial court approved an earlier magistrate's decision to modify the child support payment obligation appellee, William Arrington, must pay for a minor child of whom he is the parent, along with appellant, Rhonda McLaughlin, but changed the retroactive date set in the magistrate's ruling for beginning the reduction in the monthly child support payments. Appellant has presented one assignment of error for consideration on appeal which is:
 "The Court's decision regarding the commencement date of the modified support is arbitrary, and against the current statutory and case law."
The record shows that appellant and appellee are the parents of two children. Through earlier court proceedings, appellant had been ordered to make child support payments for each child. On July 21, 1999, the oldest child became emancipated, since he turned eighteen years old and was no longer attending high school on a full time basis. While the Erie County Child Support Enforcement Agency filed a "NOTICE OF EMANCIPATION" on October 22, 1999, neither party filed a motion in the trial court to modify the child support order until January 18, 2000, when appellee filed a motion to modify.
On June 21, 2000, a magistrate's decision was filed. The magistrate noted that the parties had reached agreement on a number of issues, including the current incomes of appellant and appellee; the emancipation of one child on July 27, 1999; and modification of the amount of child support appellee must pay so that his obligation applies only for the minor child who still lives with appellee. The parties agreed to a new monthly payment of $454.78.
The parties could not agree on three issues: 1) the beginning date for the modified support obligation; 2) how the remaining dependancy tax credit should be allocated; and 3) who should pay court costs. The magistrate ruled "that the commencement date of the Defendant's modified child support obligation shall be the 18th day of January, 2000, the date that the Defendant filed his motion for modification of the support order." Citing R.C. 3113.21(M) the magistrate reasoned: "Law does not support the Defendant's request for retroactive modification of the in-gross order to a date prior to the filing of the motion." The magistrate also made rulings on the two remaining issues in dispute.
On June 29, 2000, appellee filed objections to the magistrate's decision. Appellee argued that the court had the discretion to determine that "special circumstances" exist and to make the modification order for child support retroactive to the date the oldest child was emancipated, July 27, 1999, rather than adopt the order of the magistrate that the modification have a beginning date of January 18, 2000 — the date appellee filed his motion for modification.
On July 17, 2000, the trial court filed a judgment entry in which it adopted the decision of the magistrate in part, and reversed it in part. The trial court agreed with appellee that it had discretion to decide that special circumstances applied and to make the date of the modification the date of the oldest child's emancipation, even though that date was earlier than the date appellee filed a motion for modification. The trial court ruled:
 "(a) it would be inequitable for the Defendant to be paying for an emancipated child and (b) the Plaintiff, by prior judgment entries, was obligated to `notify the Court of any reason for which the support order shall terminate, including, but not limited to . . . emancipation . . . of the child."
Appellant then filed this appeal.
The sole issue for consideration is whether the trial court erred when it ruled that it had the authority to order a modification in child support order to a retroactive date that was earlier than the date appellee filed a motion to modify the child support order. Appellant contends that the trial court was barred, by the provisions found in the version of R.C. 3113.21(M)(4) that was in effect when the court ruled in this case[1], from making a retroactive change in the child support amount to a date that reflected the date the oldest child became emancipated, when that date was earlier than the date of appellee's motion for modification. Appellant says the trial court could only make the order retroactive to the date appellee filed the motion to modify.
The provision to which appellant cites reads as follows:
 "(4) A court with jurisdiction over a support order may modify an obligor's duty to pay a support payment that becomes due after notice of a petition to modify the support order has been given to each obligee and to the obligor before a final order concerning the petition for modification is entered."
Appellant cites to some Ohio court opinions which have cited the above language to support the holding that a retroactive modification of child support payments may be made to the date the motion for modification was filed. Included in the cases she cites is a case from this court,Hamilton v. Hamilton(1995), 107 Ohio App.3d 132.
In the Hamilton v. Hamilton case, the trial court made a modification of a child support order retroactive to the date the ex-wife filed her motion for modification in the trial court. On appeal, the ex-husband objected that the order for increased child support was made retroactive to the date the ex-wife filed her motion for modification. Id. at 139. This court noted that pursuant to R.C. 3113.21(M)(3) and (4), a trial court has discretion to make a child support modification order retroactive to the date the motion for modification is filed. After considering the facts in the case, this court concluded that the trial court did not abuse its discretion when it made the order retroactive to the date the motion for modification was filed in that case. Id. At 139-140.
We acknowledge that this court made the following statement in Hamiltonv. Hamilton, id., cited by appellant: "[I]f a court determines that a support order should be modified, it may make the modification order effective from the date the motion for modification was filed." Id. However, we note that the issue under consideration in Hamilton v.Hamilton was not whether a child support order could be retroactively amended to a date prior to the date a motion for modification was filed. The issue under consideration in that case was simply whether "the trial court erred when it made the increase in the amount of the child support retroactive to * * * the date that appellee filed her motion for modification." Id. at 139. Therefore, the statement relied upon by appellant must be viewed in context, and is not authoritative regarding the issue we are asked to address in this case.
A case more on point, and therefore more helpful in this instance, is a case decided by the Eighth District Court of Appeals, Neiheiser v.Neiheiser (Jan. 13, 2000), Cuyahoga App. No. 75184, unreported. In that case, the parents of two children entered into an agreement, upon divorce, that the father would pay the tuition for his children to attend private school until the children were emancipated. If the children did not attend private school, the father would pay child support. Id.
The mother remarried, and her new spouse was an administrator for private schools. Because of the new spouse's employment, the children were able to attend private school for reduced or free tuition. The mother eventually filed a motion seeking child support payments from the father, since the father had not been required to pay tuition for his children to attend private school. The trial court granted her motion, and ordered the father to pay child support retroactive to a date that was earlier than the date the mother filed her motion. Id.
On appeal, the father argued that the trial court could not order retroactive support payments to a date that preceded the filing of the mother's motion for child support. The Eighth District Court of Appeals said:
 "In this instance, defendant-appellant has mis-characterized the actions of the trial court. While it is true that the trial court modified defendant-appellant's support obligation as of May 1997, that modification was not based upon plaintiff-appellee's December 12, 1997 motion, but rather, the emancipation of the eldest of the couple's two children. The trial court merely recalculated the existing child support obligation for the remaining child in light of the emancipation. Under the present factual situation, this court finds that the trial court's recalculation does not constitute an abuse of discretion." Id.
Likewise, we find that under the facts in this case, the trial court was merely recalculating child support in light of the emancipation of appellant's oldest son. As the trial court noted, the terms of the original order for child support specified that appellee's obligation to pay child support would end for each child once the child turned eighteen years old and was no longer attending high school full time. The trial court was therefore only acting to implement the terms of the original order when it set the date of the oldest child's emancipation as the beginning date for the change in the amount appellee is to pay for child support. We therefore conclude that the trial court did not abuse its discretion as appellant asserts.
In the alternative, we note there is a line of cases from the Ninth District Court of Appeals which would also support the result we reach in this case, but with different reasoning. See, e.g. Schrader v. Schrader
(Sept. 29, 1999), Medina App. No. 2899-M, unreported; Kline v. Kapper
(Apr. 29, 1998), Summit App. No. 18454, unreported; and Sprankle v.Sprankle (Mar. 25, 1998), Medina App. No. 2678-M, unreported. In each of these cases, the Ninth District Court of Appeals considered the provisions found in R.C. 3113.21(M)(3) before its repeal which were:
 "(3) Except as provided in division (M)(4) of this section, a court may not retroactively modify an obligor's duty to pay a delinquent support payment."
The Ninth District then reasoned as follows:
 "Section 3113.21(M)(4) explicitly authorizes the trial court to retroactively modify a child support order to the date the motion is filed. * * * If this Court were to read this section in isolation, it might conclude that Section 3113.21(M)(4) sets forth the full extent of the trial court's authority to retroactively modify a child support order. Section 3113.21(M)(4), however, must be interpreted in context along with Section 3113.21(M)(3), which immediately precedes it. * * * Reading these two sections together, it is apparent that Section 3113.21(M)(3) confines the trial court's authority, as to delinquent child support obligations, to the parameters set forth in Section 3113.21(M)(4). The inclusion in Section 3113.21(M)(3) of only `delinquent' support obligations implies a legislative intent to exclude non-delinquent or current support obligations from this restriction. * * * The trial court's authority to retroactively modify non-delinquent child support obligations, therefore, is not restricted to the terms of Section 3113.21(M)(4). Otherwise, Section 3113.21(M)(3) would be of no effect. By implication, the legislature recognized that trial courts have greater power to retroactively modify current child support obligations." Sprankle v. Sprankle (Mar. 25, 1998), Medina App. No. 2678-M, unreported. (Citations omitted).
We therefore again conclude that the trial court did not abuse its discretion when it ordered the change in child support payments to apply retroactively to the date of the oldest child's emancipation in this case.
Appellant's sole assignment of error is not well-taken and is denied. The judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, J.
 Melvin L. Resnick, J., James R. Sherck, J..
[1] R.C. 3113.21 has been repealed, effective 3/22/2001.